**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> ERIC FRANKLIN TULLIS, *et al.*, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:22-cr-00140-GMN-MDC <br><br> **ORDER DENYING DEFENDANTS'** <br> **MOTION TO DISMISS** |

Pending before the Court are the Motions to Dismiss, (ECF Nos. 49, 50), filed by Defendant Asia Eloise Miguel and Eric Franklin Tullis. Defendant Tullis is charged with one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), (g)(9), and 924(a)(2), and one count of False Statement in Acquisition of a Firearm in violation of 18 U.S.C. § 922(a)(6) and 924(a)(2). (*See generally* Indictment, ECF No. 1). Defendant Miguel is charged with one count of False Statement in Acquisition of a Firearm in violation of U.S.C. § 922(a)(6) and 924(a)(2). (*Id.*).

Broadly speaking, both Defendants contend that following the United States Court of Appeals for the Ninth Circuit's decision in *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024), the Indictment must be dismissed. The reasoning for why, however, differs slightly. Defendant Tullis contends that under *Duarte*, the Indictment must be dismissed because § 922(g)(1) and (9) are unconstitutional as applied to him. (Mot. Dismiss 2:23–6:10, ECF No. 50). That is, he has the constitutional right to possess a firearm despite his predicate felony convictions. Defendant Miguel, in turn, is charged with assisting Defendant Tullis, an individual who is prohibited from possessing a firearm, obtain a firearm in violation of § 922(a)(6) and 924(a)(2). So, her argument is that because Defendant Tullis is now allowed to

1  possess a firearm under *Duarte*, her assistance cannot support a criminal charge. (Mot. Dismiss
2  2:4–7:19, ECF No. 49).

3  After Defendants filed their Motions, the Ninth Circuit granted a rehearing *en banc* in
4  *Duarte*. *Duarte*, 101 F.4th 657, *reh'g en banc granted, opinion vacated*, 2024 WL 3443151
5  (9th Cir. July 17, 2024).  Because the Ninth Circuit granted a rehearing *en banc*, the three-judge
6  panel decision in *Duarte* is vacated and no longer binding except to the extent it is adopted by
7  the *en banc* court.[1] *See* Advisory Committee Notes, Fed. R. App. P. 35-1 to 35-3.  Unless and
8  until the *en banc* court adopts the reasoning of the three-judge panel, the Court will adhere to
9  the Ninth Circuit's decision in *United States v. Vonxgay*, 594 F.3d 1111, 1118 (9th Cir. 2010),
10 which upheld § 922(g)(1) against a Second Amendment challenge, and subsequent district
11 court cases finding that § 922(g)(1) is consistent with this Nation's historical tradition of
12 firearm regulation. *See e.g.*, *United States v. Alvarez-Mora*, No. 3:22-cr-00006, 2024 WL
13 1638382, at *3–6 (D. Nev. Apr. 15, 2024); *United States v. Brown*, No. 2:22-cr-00214, 2023
14 WL 7017622, at *5 (D. Nev. Oct. 25, 2023).

15 Finally, the Supreme Court's recent decision in *United States v. Rahimi*, 144 S. Ct. 1889
16 (2024), does not alter this analysis. *Rahimi* concerned whether § 922(g)(8), which prohibits the
17 possession of firearms by persons subject to domestic violence restraining orders, infringes the
18 Second Amendment. *Rahimi*, 144 S. Ct. at 1895–96.  The Court upheld that statute. *Id.* at 1898.
19 The majority's decision turned on the necessity of an individualized finding that the defendant
20 posed a threat to the physical safety of another in cases implicating § 922(g)(8). *Id.* at 1901.  In

---

[1] Even if the Ninth Circuit did not grant a rehearing *en banc*, *Duarte* does not support dismissing the Indictment. The *Duarte* court held that § 922(g)(1) was unconstitutional as applied to the defendant Steven Duarte because his nonviolent crimes (vandalism, felon in possession of a firearm, possession of a controlled substance, and two convictions for evading a peace officer) "were not of sufficient severity to be analogous for historical reasons for felon disarmament." *United States v. Harris*, No. 2:20-cr-00679, 2024 WL 2260907, at *4 n.1 (D.N.J. May 17, 2024) (citing *Duarte*, 101 F.4th at 691).  Steven Duarte's nonviolent predicate convictions are distinguishable from Defendant Tullis' violent predicate convictions for hit and run, domestic battery (twice), and conspiracy to commit robbery. (Indictment at 2).  In short, *Duarte* did not hold that § 922(g)(1) is facially unconstitutional, and the facts underlying the panel's holding are not present here.

that respect, the analysis in *Rahimi* does not speak to § 922(g)(1), which applies categorically to adjudicated felons who possess firearms. "However, the majority's discussion of the long history of firearm regulations prohibiting dangerous persons from possessing arms aligns with the conclusion of the courts above: that § 922(g)(1), limited as it is to adjudicated felons, is consistent with the nation's historical tradition of firearm regulation." *United States v. Morales*, No. 24-cr-84, 2024 WL 3345982, at *2 (S.D.N.Y. July 8, 2024) (citing *Rahimi*, 144 S. Ct. at 1901).

Accordingly, because the prohibition against felons possessing firearms found in § 922(g)(1) and (9) are consistent with the Nation's regulatory tradition of firearm regulation, Defendants' Motion to Dismiss, (ECF No. 49, 50), are **DENIED without prejudice**. Defendants may renew their motions after the *en banc* court's decision if it is applicable to Defendant Tullis's predicate convictions. **IT IS FURTHER ORDERED** that the Government's Motion to Hold in Abeyance Defendant's Motion to Dismiss, (ECF No. 51), is **DENIED as moot**.

**DATED** this __23__ day of July, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court